07 CV 4096

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218

MAY 25 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :    VERIFIED COMPLAINT

           - v -                    :    07 Civ.

$5,169.00 IN UNITED STATES          :
CURRENCY,
                                    :
           Defendant-in-rem.
------------------------------------X

Plaintiff United States of America, by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its verified complaint alleges, upon information and belief, as follows:

I. JURISDICTION AND VENUE

1. This action is brought by the United States of America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture of $5,169.00 in United States currency (the "DEFENDANT CURRENCY"), on the ground that the DEFENDANT CURRENCY constitutes moneys furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

4. The DEFENDANT CURRENCY is currently in the custody of the United States Marshals Service.

## III. PROBABLE CAUSE FOR FORFEITURE

5. On or about December 1, 2006, police officers from the Town of Ramapo Police Department ("RPD") executed a search warrant for the residence of Wayne A. Richards ("Richards"), located at 138 Spook Rock Road, Montebello, New York (the "Residence"). Inside the kitchen, a drug detection K-9 indicated the presence of narcotics in an area underneath the sink and an area near the refrigerator. Underneath the sink were large clear plastic heat sealer bags containing marijuana residue. Near the refrigerator, officers found a tin foil wrapper containing a marijuana bud and a metal marijuana smoking pipe in a clear plastic bag. In addition, inside a kitchen drawer were two digital scales, packaging materials, razor blades, and a calculator with marijuana residue.

6. The K-9 also alerted the officers to a dresser located in the master bedroom. Inside the dresser was a clear plastic bag of marijuana.

7. On a bookshelf inside the living room was a grinder containing marijuana residue.

8. In addition, in the basement, officers found tin foil wrappers containing cocaine residue.

9. Also found inside the Residence was the DEFENDANT CURRENCY, which consisted of 9 one hundred dollar bills, 1 fifty dollar bill, 206 twenty dollar bills, 6 ten dollar bills, 6 five dollar bills, and 9 one dollar bills.

10. On the day of the search, Richards was arrested and charged in the Ramapo Town Justice Court with criminal possession of a controlled substance, unlawful possession of marijuana, criminal use of drug paraphernalia, and criminal possession of a weapon. During the booking process, Richards stated, in substance and in part, that did not have a job and that someone had warned him that the police were watching him and might be coming.

11. On or about February 28, 2007, the Drug Enforcement Administration received an affidavit from Richards asserting a claim for the DEFENDANT CURRENCY. Richards stated, in substance and in part, that he is the rightful owner of the DEFENDANT CURRENCY.

### IV. CLAIM FOR FORFEITURE

12. The allegations contained in paragraphs one through eleven of the Complaint are incorporated herein.

13. Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

14. The DEFENDANT CURRENCY is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

15. By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of

the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
May 25, 2007

> MICHAEL J. GARCIA
> United States Attorney for the
> Southern District of New York
> Attorney for the Plaintiff
> United States of America
>
> By: *Anna E. Arreola*
> ANNA E. ARREOLA
> Assistant United States Attorney
> One St. Andrew's Plaza
> New York, New York 10007
> Telephone: (212) 637-2218

## VERIFICATION

STATE OF NEW YORK           )
COUNTY OF NEW YORK          :
SOUTHERN DISTRICT OF NEW YORK )

Nelson J. Saldana, being duly sworn, deposes and says that he is an investigator with the New York State Police, that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information and the grounds of his belief are records and files of the Town of Ramapo Police Department and the United States, and discussions with and documents prepared by other law enforcement officers.

_____
Investigator Nelson J. Saldana
New York State Police

Sworn to before me this
25th day of May, 2007

_____
NOTARY PUBLIC

LILLIE A. GRANT
Notary Public, State of New York
No. 4758214
Qualified in Kings & New York County
Commission Expires Jan. 17, 2011